WYNN, Circuit Judge,
concurring:
I concur in the majority’s opinion, which applies unambiguous statutory language to conclude that proceeding under 18 U.S.C. § 4248 is the proper way for the government to pursue the civil commitment of an allegedly sexually dangerous person who is in the custody of the Bureau of Prisons, even when that person is serving a prison sentence that includes a period of supervised release. I write separately to emphasize what is touched upon in footnote 10 of the majority opinion — that the application of 18 U.S.C. § 4248 in these cases raises serious constitutional questions related to the due process rights of Respondents. Specifically, it is troubling that Respondents have been detained, in some eases for years, without governmental justification for their detention at a merits hearing on their § 4248 certifications.
To be sure, our courts have yet to address the constitutionality of prolonged detention pursuant to the Adam Walsh Act prior to a hearing on the merits. However, many courts have held that the due process rights guaranteed by the Constitution entitle one to a final determination as to the validity of his confinement within a reasonable period of time. For instance, in In re Barnard, 455 F.2d 1370 (D.C.Cir.1971), the court, in reviewing a District of Columbia statute providing for emergency involuntary commitment, stated “where a person, said to be mentally ill and dangerous, is involuntarily detained, he must be given a hearing within a reasonable time to test whether the confinement is based *688 upon probable cause.” Id. at 1374. Indeed, even where emergency detention can be justified on the basis of a potential danger resulting from the detainee’s mental condition, the need remains to justify the detention without substantial delay.
In Logan v. Arafeh, 346 F.Supp. 1265 (D.Conn.1972), aff'd sum. sub nom. Briggs v. Arafeh, 411 U.S. 911, 93 S.Ct. 1556, 36 L.Ed.2d 304 (1973), the court considered the constitutionality of a Connecticut statute under which a patient could be involuntarily committed for no longer than forty-five days without a judicial determination of the validity of his confinement. Id. at 1267-68. The court stated “[t]he emergency commitment to a hospital for mental illness on a temporary basis of a person on the finding of a physician that he is a danger to himself or others without prior notice and hearing does not offend the due process clause provided there is available to him an adequate means of testing the validity of his confinement within a reasonable period of time.” Id. at 1268; see also Coll v. Hyland, 411 F.Supp. 905, 910 (D.N.J.1976)(concluding that in the context of civil commitment, “a hearing held within a reasonable time after confinement begins is an acceptable means of supplying requisite due process.”).
Similarly, in Lynch v. Baxley, 386 F.Supp. 378, 387-88 (M.D.Ala.1974), the court struck down Alabama’s emergency involuntary commitment statute and stated:
Since the interests of these emergency detainees in retaining their liberty and avoiding unwarranted civil commitment are comparable to the interests of persons accused of criminal offenses in retaining their liberty and avoiding wrongful incarceration, the burden on the state to justify the emergency detention must be similarly heavy. As one means of assuring that persons accused of crimes are not held in custody and involuntarily deprived of their liberty without a showing of probable cause to believe that they have committed punishable offenses, it is generally required that such persons be brought before a judicial office without unnecessary delay after arrest to determine whether they are being detained on probable cause. Likewise, in the situation here, where a person said to be mentally ill and dangerous is involuntarily detained, he must be given a hearing within a reasonable time to test whether the detention is based upon probable cause to believe that confinement is necessary under constitutionally proper standards for commitment.
Id. at 387-88 (citations omitted).
Most assuredly, the lengthy detention of Respondents without a reasonably prompt adjudication of the government’s petitions for their commitment was one of the “due process concerns” that motivated the district court’s statutory interpretation. See United States v. Broncheau, 759 F.Supp.2d 682, 693 (E.D.N.C.2010) (“[Ejection 4248 simply does not afford any respondent a reasonable time in which to adjudicate the government’s petition for his commitment.”). But, as the majority recognizes, the district court stopped short of making a constitutional ruling. Instead, without finding any ambiguity in the language of the statute, the district court sought to remedy a constitutional problem through an unsupportable reading of the statutory scheme. That error compels us to vacate the district court’s order and remand.
Additionally, as pointed out by the majority, while the constitutional due process concerns may persist, they were not identified by Respondents, who failed to raise an as-applied due process challenge to the *689 statute.* This itself counsels us to avoid passing on the issue in the first instance. See Singleton v. Wulff, 428 U.S. 106, 120-21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (recognizing the general rule that a court of appeals will not consider an issue raised for the first time on appeal). I recognize that “there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt or where injustice might otherwise result.” Id. at 121, 96 S.Ct. 2868. Yet, I cannot conclude that such circumstances are present in this case as would warrant departure from well-established principles of judicial review.

 The only procedural due process concerns raised by Respondents, such as the contentions that the right to a speedy trial was violated or that notice was inadequate, were explicitly tied to the argument that § 4248 proceedings, although nominally civil, were actually criminal. This line of argument was foreclosed when, in Comstock II, we reiterated that § 4248 is in fact a civil commitment statute. See 627 F.3d at 520 (“[T]he purpose and structure of the commitment process render it unlike any criminal prosecution.”).